# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RAFAEL SUAREZ, DAISY GONZALEZ, and RICHARD BYRD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC.,<br>Defendant. | Case No.: 3:21-cv-00393<br><br>**Hon. William L. Campbell, Jr.**<br><br>**CLASS ACTION**<br><br>**FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' INCENTIVE AWARDS** |

This matter came before the Court for hearing pursuant to the Order Granting the Parties' Motion for Preliminary Approval of Class Action Settlement, dated July 26, 2021, ECF No. 29 ("Preliminary Approval Order"). Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having held a hearing on the Parties' Joint Motion for Final Approval of Settlement and Entry of Final Judgment and Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Plaintiffs' Incentive Awards on December 20, 2021, and having considered all papers filed and argument made in connection therewith, and good cause appearing;

**THE COURT HEREBY ORDERS, ADJUDGES AND DECREES** as follows:

1.  This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated May 9, 2021 (the "Agreement"), and all defined terms used herein have the same meanings ascribed to them in the Agreement.

1

2. This Court has jurisdiction over the subject matter of the Action and over all Parties thereto.

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b) are satisfied. The Court hereby certifies the following Settlement Class, as modified, pursuant to a Stipulation between the Parties dated December 6, 2021:

> **"Settlement Class Vehicles"** means all model year 2013–2018 Nissan Altimas, except the following excluded vehicles:
>
> | Model Years | Trim | Package/Edition (if applicable) |
> |---|---|---|
> | 2013-2015 | 3.5L SL | |
> | 2017 | 3.5L SL | |
> | 2016-2018 | 3.5L SL | with Tech package |
> | 2016-2017 | 3.5L SR | |
> | 2016-2017 | 2.5L SR | with LED Appearance package |
> | 2016-2018 | 2.5L SL | with Tech package |
> | 2017 | 2.5L SR | Midnight Edition |
>
> For clarity, the Settlement Class Vehicles include all 2013-2018 Altimas manufactured with halogen headlamps, and excludes 2013-2018 Altimas manufactured with Xenon or LED headlamps.

Excluded from the Settlement Class are officers and directors of Nissan North America, Inc. ("NNA") and its parents and subsidiaries, and any Judge to whom the litigation is assigned. Also excluded are Settlement Class Members who timely opt out or exclude themselves from the Settlement.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5. The Court finds that notice of this Settlement as required by Rule 23(e) of the Federal Rules of Civil Procedure was provided in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all persons entitled to such notice, and that this notice, coupled with all of the additional information contained in the Settlement Website, to which class members were directed by the various forms of Notice, satisfied the requirements of Federal Rule of Civil Procedure 23 and of Due Process.

6. In full accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by said law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside. None of the Attorneys General filed objections to the Settlement. The Court finds and confirms that 28 U.S.C. § 1715 has been fully satisfied and that the Settlement is therefore entitled to binding effect as to all members of the Settlement Class who did not timely and validly opt out.

7. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting final approval. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Negotiation occurred with the benefits of adequate investigation, settlement-related discovery, and due diligence, and with the assistance of a well-respected independent mediator. Among the factors that they considered are those set forth in the briefing on Final Approval as well as the briefing on the Motion for Attorneys' Fees. Lead Class Counsel have conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although Lead Counsel believe the Settlement Class Members' claims have merit,

they also have reasonably and adequately examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims.

8. The Court finds that the Settlement is fair, reasonable, and adequate, particularly in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining class action status through trial and appeal.

9. The benefits to the Settlement Class constitute fair value given in exchange for the release of the claims of the Settlement Class. The Court finds that the consideration to be provided under the Settlement is reasonable in type and scope considering the facts and circumstances of this case, the types of claims and defenses asserted in the Lawsuit, the claims to be released, and the risks associated with the continued litigation of these claims.

10. The Court finds that in all respects the Settlement treats class members equitably in relation to each other, and that the method of distributing relief is fair, appropriate and efficient. Those benefits that can be extended automatically (the warranty extension) are extended automatically. A claim form is only required for reimbursements, which is justified since NNA would not otherwise have all necessary information to determine the amount of and entitlement to the reimbursement. The method of processing those claim forms is likewise fair, reasonable and adequate. Finally, there are no side agreements aside from those expressed in the Settlement itself.

11. The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

12. Upon the Effective Date, Representative Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims.

13. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Class Members have also had a full and fair opportunity to opt out of the proposed Settlement and the Class.

14. The Persons identified in **Exhibit A** hereto requested timely and valid exclusion from the Settlement Class as of the Opt-Out Deadline. The Court agrees with and adopts the findings of the Settlement Administrator as to the validity of these opt outs. Any other opt outs are hereby ruled invalid and ineffective. These Persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendant or any Released Party. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum, or other tribunal.

15. The Court hereby re-confirms that named Plaintiffs are suitable Class Representatives. The Court approves an award of $5,000 to each of Plaintiffs Rafael Suarez, Daisy Gonzalez, and Richard Byrd as reasonable payment for his or her efforts, expenses and risks as Plaintiffs in bringing this lawsuit, which shall be paid by NNA as provided for in the Settlement.

16. Based upon the evidence submitted, the Court confirms its appointment of Timothy N. Mathews, Samantha E. Holbrook, Alex M. Kashurba, and Zachary P. Beatty of

Chimicles Schwartz Kriner & Donaldson-Smith LLP as Lead Class Counsel and John Spragens of Spragens Law PC as additional Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment. The Court finds that these attorneys possess the requisite knowledge, experience, and skills to advance the interests of the Settlement Class. The Court, after careful review of counsel's requested fee as compared to the overall value of the Settlement and counsel's expended efforts on the case, and after applying the appropriate standards required by relevant case law, hereby approves an award of $2,500,000 to Lead Class Counsel as reasonable payment for Attorneys' Fees, Costs and Expenses, which shall be paid by NNA as provided in the Settlement.

17. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an addition of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendant, or (c) any fault or omission of Defendant in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

18. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, and this Final Order and Judgment, including (a) distribution or disposition of the settlement funds; and (b) the Parties for the purpose of construing, enforcing, and administering the Settlement. If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Released Parties, and to reinstate the Released Claims against the Released Parties.

19. If the Settlement does not become effective, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

20. The Court has considered the objections of putative Class Members and finds that they are unpersuasive and, therefore, overrules and denies them. The Court further approves the withdrawal of the objection from Ms. Lindsay Whitaker.

21. The Court hereby enters a judgment of dismissal, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, of the Released Claims by the Settlement Class Members, with prejudice and without costs, except as specified in this Order.

22. The Court finds that no just reason exists for delay in entering this Final Judgment and Order of Dismissal.

**IT IS SO ORDERED.**

DATED: December 20, 2021

HONORABLE WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| ClaimID | Last1 | First1 | City | St | VIN |
|---|---|---|---|---|---|
| 11753893001 | BALOG | VIVIEN S | BRIDGEPORT | CT | 1N4AL3AP7HC230594 |
| 13253877501 | BARSKY | ROBERT | PHILADELPHIA | PA | 1N4AL3AP4FC220425 |
| 13259056601 | BARSKY | ROBERT | PHILADELPHIA | PA | 1N4AL3AP4JC223642 |
| 13251035201 | BARSKY | ROBERT | PHILADELPHIA | PA | 1N4AL3AP4DN478624 |
| 10630012001 | BUSH | RYAN MICHAEL | KATY | TX | 1N4AL3AP2JC231657 |
| 12058939401 | CROWDER | MARVIN D | WATERBURY | CT | 1N4AL3AP8JC260239 |
| 10237157001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP1EN233670 |
| 10321075101 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP1GC154949 |
| 10690165501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3EC133596 |
| 10696655801 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3EC175427 |
| 11030041501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4FN913922 |
| 11212905501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP5EN234093 |
| 11403784001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6EC415053 |
| 10124546401 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP0HC478461 |
| 11718603001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP7GC135127 |
| 11749857901 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP7GN312084 |
| 11807786701 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8DC117330 |
| 11871065501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8EC274292 |
| 12291506901 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP9GN371315 |
| 12338695001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXDN424910 |
| 11619388801 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP7EC411688 |
| 10625993301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP2JC259720 |
| 10132334701 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP0HC158119 |
| 11206932001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP5EC199955 |
| 11310007301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP5GN382683 |
| 11790215901 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8DC288207 |
| 12078109801 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP9DN455114 |
| 11962593301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8FN348901 |
| 12534650501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXJC118863 |
| 12608822601 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6DC136202 |
| 10673697801 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3DN525934 |
| 10979853301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4FC190620 |
| 10781428601 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3FC453633 |
| 11865626001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8DN563384 |
| 10398979101 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP2DC102385 |
| 12608260101 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6DC134384 |
| 12428391301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXFC438224 |
| 10960287001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4EN237471 |
| 11017665001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4FN350595 |
| 12426419001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXFN345191 |
| 12323819501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXDC299838 |
| 12101922601 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP9EC160947 |
| 11940651201 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP8FN872811 |
| 10481325801 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP2FC184265 |
| 11344605601 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6DC258087 |
| 10841426701 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3HC239566 |

| | | | | | |
|---|---|---|---|---|---|
| 10796147701 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3GC111052 |
| 10652829401 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP3DN425722 |
| 10568765001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP2GC255496 |
| 10226305001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP1EC178357 |
| 10037858401 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP0FC273042 |
| 12460732901 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3APXGC188002 |
| 11636487701 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP7EN364022 |
| 11450737501 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6FN328145 |
| 11208019401 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP5EN377240 |
| 11069286001 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4FN916190 |
| 10941779301 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP4EN351700 |
| 10623553901 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP2JC102818 |
| 11454809201 | GREAT WEST CASUALTY | | S SIOUX CITY | NE | 1N4AL3AP6FN313399 |
| 12942052901 | GUTIERREZ | JOE A | HESPERIA | CA | 1N4AL3AP3FC247776 |
| 10407839001 | HILL | JOSHUA AARON | BEND | OR | 1N4AL3AP2DC919629 |
| 12856818501 | JIMENEZ | MONICA A | CANOGA PARK | CA | 1N4AL3AP0HC488827 |
| 11804750401 | KUTA | CHARLES | ELGIN | IL | 1N4AL3AP7JC134924 |
| 10495126601 | KUTA | CHARLES J | ELGIN | IL | 1N4AL3AP2FC164579 |
| 12284359901 | MANNERS | IRIS M | SPRNGFLD GDNS | NY | 1N4AL3APXDC173480 |
| 11941410701 | MANNERS | IRIS M | SPRNGFLD GDNS | NY | 1N4AL3AP8FC595931 |
| 11802261101 | MANNERS | IRIS M | SPRNGFLD GDNS | NY | 1N4AL3AP7JC145101 |
| 13150142201 | OSORIO | RICHARD P | HONOLULU | HI | 1N4AL3AP9GC132942 |
| 10537264001 | SELF | ALLEN | OWENSBORO | KY | 1N4AL3AP2FN300455 |
| 13074654001 | VISOIU | MIHAI | GARDEN GROVE | CA | 1N4AL3AP7FC146482 |